UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**CHIMKAMA IBE,**

    **Plaintiff,**

    v.                                                         Case No. 24-CV-388-SCD

**JOSEPH NANTOMAH** and
**INVESTORS CAPITAL LLC,**

    **Defendants.**

## ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL

    This case involves a dispute between the plaintiff, Chimkama Ibe, and the defendants, Joseph Nantomah and Investors Capital LLC, pertaining to an investment agreement the parties executed in May 2023. Ibe seeks an order compelling the defendants to produce discovery responses and compelling Joseph Nantomah to appear at a scheduled deposition. Ibe also seeks fees and costs associated with bringing her motion. For the reasons given below, I will grant Ibe's motion to compel.

    Ibe filed this action on March 29, 2024, alleging that the defendants failed to fulfill their obligations concerning a house-flipping investment venture. *See* Compl., ECF No. 1. She asserts claims for breach of contract, civil theft, deceptive trade practices, the sale of an unregistered security, the misstatement or omission in the sale of a security, and securities fraud. The matter was randomly assigned to this court, and all parties have consented to the jurisdiction of a magistrate judge under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73(b). *See* ECF

Nos. 6 & 8. After the defendants filed their answer, *see* ECF No. 10, the court held a scheduling conference with the parties, *see* ECF No. 13, and issued a scheduling order, *see* ECF No. 14.

Shortly therefore, on May 31, 2024, Ibe served the defendants with her first set of interrogatories, requests for admission, and requests for production of documents. *See* Goodhart Aff., ¶¶ 2–3, ECF No. 15-1. After the defendants failed to respond within the time permitted by the Federal Rules of Civil Procedure, Ibe gave the defendants several extensions of time to submit their responses. *See id.* ¶¶ 4–5. The defendants provided partial production on September 6, 2024. *Id.* ¶ 6. They objected to several of Ibe's interrogatories and requests for production as "overly broad and burdensome." *See* Goodhart Aff. Ex. E, ECF No. 15-2 at 23–45. They also did not provide complete responses to several other discovery requests.

On October 30, 2024, Ibe's lawyer sent the defendants' lawyer a notice of discovery response deficiencies. Goodhart Aff. ¶ 7. Plaintiff's counsel asserted that the defendants' objections lacked specificity and asked defense counsel to either withdraw the objections (and supplement their responses) or explain why each request was overly broad and burdensome. *See* Goodhart Aff. Ex. F, ECF No. 15-2 at 46–48. Plaintiff's counsel also asked defense counsel to produce the missing documents. The notice indicated that Ibe would file a motion to compel if the parties were unable to resolve the discovery issues. On November 14, 2024, the lawyers discussed the outstanding discovery requests and allegedly deficient responses over a phone call and agreed that the defendants would update their responses by December 3, 2024. Goodhart Aff. ¶ 8. Plaintiff's counsel subsequently gave the defendants another extension to submit their updated responses; however, to date, the defendants still have not complied. *See id.* ¶¶ 8–10.

Meanwhile, Ibe's lawyer repeatedly attempted to coordinate with the defendants' lawyer to schedule Nantomah's deposition. *See* Goodhart Aff. ¶ 11. After receiving no response or input, plaintiff's counsel issued a deposition notice, scheduling the deposition for January 17, 2025. *Id.* ¶ 12. On January 15, 2025, defense counsel told plaintiff's counsel that Nantomah was not able to attend his deposition because his wife was in the hospital in Miami, and he had to care for their children. *Id.* ¶ 13 (citing Ex. J, ECF No. 15-2 at 63). Defense counsel did not provide any alternative dates for the deposition.

A few days later, on January 19, 2025, Ibe filed a motion to compel pursuant to Rule 37 of Federal Rules of Civil Procedure. *See* Pls.'s Mot., ECF No. 15. Under Rule 37, "[a] party seeking discovery may move for an order compelling an answer . . . [or] production . . . if . . . a party fails to answer an interrogatory submitted under Rule 33 . . . or . . . a party fails to produce documents . . . as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B)(iii)–(iv). "The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1).[1] Rule 37 also allows a court to "order sanctions if . . . a party . . . fails, after being served with proper notice, to appear for that person's deposition . . . or . . . a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written response." Fed. R. Civ. P. 37(d)(1)(A)(i)–(ii).

Ibe first seeks to compel the defendants to produce responses to the interrogatories and requests for production that the defendants objected to as "overly broad and burdensome." She contends that "overly broad and burdensome" is not an appropriate objection under the

---

[1] This court's local rules also require movants to "recite the date and time of the conference or conferences and the names of all parties participating in the conference or conferences." E.D. Wis. Civ. L. R. 37.

3

federal rules' discovery standards. The federal rules require objections to be stated with specificity. *See* Fed. R. Civ. P. 33(b)(4), 34(b)(2)(B)–(C). Ibe's first set of interrogatories, requests for admission, and requests for production of documents asked the defendants to propose a limitation on the breadth of any requests objected to as overly broad. *See* Goodhart Aff. Ex. B, ECF No. 15-2 at 2–15. The defendants, however, did not comply with that request and instead simply asserted that certain interrogatories and requests for production were overly broad and burdensome. *See* Ex. E. Ibe asked the defendants to explain the basis for those assertions, but they never did. *See* Ex. F. Nor have the defendants responded to Ibe's motion to compel. Because the defendants' conclusory and unexplained objections lack the specificity required by the federal rules, the court overrules the defendants' objections. The defendants must substantively respond to interrogatories 11 and 18 and requests for production 19, 20, 21, and 26.

Ibe also seeks to compel the defendants to provide complete responses to other interrogatories and requests for production. She contends that each one seeks relevant information. The scope of discovery is broad. Rule 26 allows parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). The requests at issue generally seek information relating to the investor funds, real estate records, and the defendants' financial records. The defendants have not objected to those requests, *see* Ex. E, and for good reason—they are directly related to Ibe's core allegations of misrepresentation, fraudulent activity, and failure to meet contractual obligations, and they appear proportional to the needs of the case. Thus, the defendants must supplement their responses to interrogatories 12, 13, 14, and 16 and requests for production 9, 11, 12, 14, and 18.

4

Finally, Ibe seeks to compel Nantomah to appear for a deposition. It is undisputed that Nantomah failed to appear at his properly noticed deposition. Although extenuating circumstances may justify the late cancellation, Nantomah has failed to provide proof of his alleged reason for cancelling last minute or offer alternative dates for rescheduling. And, as noted above, the defendants have not responded to Ibe's motion to compel. Defense counsel must work with Ibe's lawyer to promptly reschedule Nantomah's deposition.

Accordingly, for all the foregoing reasons, the court **GRANTS** the plaintiff's motion to compel, ECF No. 15. The court **ORDERS** the defendants to substantively respond to the interrogatories and requests for production objected to as "overly broad and burdensome" and to supplement the interrogatories and requests for production that are incomplete on or before **March 24, 2025**. The court also **ORDERS** Joseph Nantomah to appear at a scheduled deposition and to pay the plaintiff's reasonable expenses incurred in making this motion, *see* Fed. R. Civ. P. 37(a)(5), (d)(3). Finally, the court **GRANTS** the plaintiff's motion to extend dispositive motion deadline, ECF No. 16. The parties may have until **May 1, 2025**, to file dispositive motions.

**SO ORDERED** this 3rd day of March, 2025.

_____
STEPHEN C. DRIES
United States Magistrate Judge